UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ARNOLD E. LANE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:11-CV-325 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| VITTORIA, S.p.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiffs' Motion to Compel Discovery [Doc. 49]. The parties have fully briefed this motion, and they appeared before undersigned on January 10, 2014, to address the issues presented therein. The Court finds that the Motion to Compel Discovery is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

Plaintiffs move the Court for an Order compelling discovery. [Doc. 50]. Specifically, Plaintiffs move the Court to compel Defendants to fully respond to Interrogatories 17, 18, and 19 and Requests for Production 8, 9, and 10. [Doc. 51 at 2-6]. Plaintiffs represent that these interrogatories and requests for production were served upon Defendants on March 30, 2012. [Id. at 6]. Plaintiffs concede that Defendants responded to these interrogatories and requests for production and that Defendants supplemented their responses on April 30, 2013. [Id.]. However, Plaintiffs maintain that Defendants responses are incomplete. Additionally, Plaintiffs argue that a number of Defendants' responses improperly state that the requested information

will be "contained in reports and testimony by [Defendants'] testifying experts once determined and disclosed." [Id. at 3].

Defendants filed a written response stating that their expert disclosures are not yet due, and they should not be compelled to produce their expert opinions early. [Doc. 62 at 1]. In addition, Defendants maintain that the scope of the request to produce documents relating to the manufacturing process was not adequately defined until Plaintiffs' Motion to Compel was filed. [Id.]. Despite their objections, Defendants state that they are working diligently to identify and provide Plaintiffs with responsive documents. [Id. at 1-2]. At the hearing, counsel for the Defendants represented that the discovery at issue was withheld because the Defendants did not know Plaintiffs' theory of the case.

In the two days preceding the hearing on this issue, the Defendants produced four documents in response to the Requests for Production. Thus, at the hearing, Plaintiffs clarified and supplemented their Motion to Compel to also ask for the production of documents whose existence was revealed to the Plaintiffs through the late production. Counsel for the Plaintiffs moved the Court to order production of:

1. The documents described in Row Nos. 1, 2, 2.1, 2.2, 2.3, 2.4, 2.5, and 2.6 of the "Reference document/Record" column of the Quality Control Document for Lion Tyres, Bates Stamp: Vittoria_000056, for the relevant period;

2. The test results related to the adhesion strength tests discussed in Row No. 4.3 of the Quality Control Document for Lion Tyres, Bates Stamp: Vittoria_000056, for the relevant period;

3. The test results related to the adhesion strength tests discussed in Row. No. 5.6 of the Quality Control Document for Lion Tyres, Bates Stamp: Vittoria_000056, for the relevant period;

4. The "Production Process for Hand Made Open Tubular Product" documents, similar to the document Bates Stamp: Vittoria_000060, for the relevant period; and

5. A full-length copy of the quality control video described as "How a Vittoria tubular is made," as found on Vittoria's website, see Doc. 51-2.

The Court will refer to these requests herein as "Plaintiffs' Supplemental Requests."

Further, and after hearing the Plaintiffs' specific requests, counsel for the Defendants represented at the hearing that the Defendants would produce the report of their expert, David Mitchell, on or before January 14, 2014. Counsel also represented that the Defendants would amend and supplement their responses to the interrogatories and requests for production.

The Defendants have not cited the Court to any authority supporting its position that it may withhold discoverable information that is responsive to written discovery requests, because the same information will be discussed in its expert disclosures. The Court's own research has not revealed any support for this position. This position is also undermined by the Defendants' decision to file a motion to continue just before their expert disclosures were due and after the Plaintiffs' deadline for disclosure had expired. However, the Court finds that the Defendants have agreed to produce their expert report. Thus, the Court need not determine the validity of the Defendants' objection on this issue.

The Court finds that the Defendants have also agreed to supplement their responses to Interrogatories 17, 18, and 19 and Requests for Production 8, 9, and 10, and they have agreed to produce the documents responsive to Plaintiffs' Supplemental Requests, for the relevant period.

The Court has considered the parties' positions regarding the relevant period for purposes of discovery in this matter. There appears to be no dispute that the tire at issue was produced in 2007. Therefore, for purposes of the instant motion, the Court finds that the relevant period is from 2006 to 2008.

3

Case 3:11-cv-00325-PLR-HBG   Document 79   Filed 01/13/14   Page 3 of 4   PageID #: 523

Accordingly, the Court finds that the Plaintiffs' Motion to Compel **[Doc. 49]** is well-taken, and it is **GRANTED** as follows:

1. Defendants **SHALL PRODUCE** the Rule 26(a)(2)(B) disclosure for David Mitchell to counsel for the Plaintiffs on or before **January 14, 2014**;

2. Defendants **SHALL AMEND** and **SUPPLEMENT** their responses to Interrogatories 17, 18, and 19 and Requests for Production 8, 9, and 10, **with reference to the period of January 1, 2006, through December 31, 2008,** on or before **January 31, 2014**;

3. Defendants **SHALL PRODUCE** a copy of the complete "How a Vittoria tubular is made" video to counsel for the Plaintiffs on or before **January 31, 2014**; and

4. Defendants **SHALL PRODUCE** any documents requested in Plaintiffs' Supplement Requests **for the period of January 1, 2006, through December 31, 2008,** on or before **February 13, 2014.**

The Court finds that an award of fees and costs associated with the Motion to Compel is not appropriate at this time. However, the parties are **ADMONISHED** to conduct discovery in a professional manner that will ensure the just and speedy disposition of this case. See Fed. R. Civ. P. 1.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge